KING *v.* BANK OF WESTON *et al.* ·

GILBERT, J. 1. The court, in equity cases, may refer "any part" of the facts to an auditor for investigation and report. Civil Code (1910), § 5127. It was not error to recommit certain issues, or to refuse to recommit others.

2. The report of the auditor was supported by evidence. The court did

not err in overruling the exceptions of law and fact, or in rendering a final decree sustaining the report.

*Judgment affirmed.   All the Justices concur.*

No. 6485.   MAY 18, 1928.

Equitable petition.   Before Judge Littlejohn.   Webster superior court.   January 24, 1928.

The petition of W. H. King against the Bank of Weston, certain of its officers, M. J. Leverett, transferee, and the sheriff of Webster County alleged that four fi. fas. against petitioner had been transferred to said bank; that three of them were levied, in favor of Leverett to whom they had been transferred by the bank, on petitioner's stock of general merchandise and store fixtures; that petitioner had induced the bank to take over said fi. fas. and was in debt in other sums to the bank by a loan made to him, and by the bank's discharging an obligation of his to another bank; that in the presence of said Leverett, a director in said bank, its officers agreed that the bank would accept, in settlement of its claims against petitioner, certain specified properties which did not include the stock of merchandise, and that said merchandise would be saved to petitioner when his assets were sold at public sale; that notwithstanding said agreement Leverett instructed the sheriff to levy on said merchandise, which was done, petitioner being unable to give any bond to halt the sale, Leverett being ostensible purchaser, but turning said goods over to his son, the bid being $300 for a stock of goods worth $3500, which was divisible and could have brought much more; that said sale resulted from a conspiracy among defendants to defraud petitioner and get all that he had, and was illegal because the fi. fas. had been settled, before being transferred to Leverett, by sale of other properties of petitioner, a building, an interest in a gin company, and certain cattle and mules, general disposal of property petitioner had turned over to said bank, all of which was known to Leverett.   Petitioner prayed for a judgment setting aside the sale of the merchandise, and for decree putting title thereto in him; for a receiver therefor pending judgment; and for injunction to prevent defendants from encumbering or disposing of the same.   There was a general denial by defendants of plaintiff's interpretation of the alleged agreement, they setting up that they only agreed to save the stock of merchandise if they could, and that they took the property turned over to them with the understanding that they would try to realize the debts from

that, but did not agree not to proceed against the merchandise.

The case was referred to an auditor, who reported that the sole question in the case, under an agreement between counsel for both sides when the evidence was being taken before him, was whether the property turned over to the bank by King was accepted in full settlement of all indebtedness, to the extent that the merchandise could not be proceeded against, or whether the bank simply obligated itself to make the best possible use of the assets tendered it and to endeavor to make up the indebtedness from that, and did not obligate itself to release the merchandise in case it could not. There was no exception to this part of the auditor's report. There was a motion by the plaintiff to recommit the case for further report. The judge recommitted it for only three purposes: to ascertain whether Leverett had full knowledge of the alleged agreement between the bank and King, whether the auditor had found that one of the fi. fas. particularized in the motion had been paid, and what was the value of the stock of merchandise when sold. The judge refused to recommit other questions raised in the motion, because "there is no prayer in the pleadings for an accounting, as reported by the auditor; and the auditor further reporting that counsel for both sides agreed at the trial that the only issue in the case is 'what was the agreement between the plaintiff and the Bank of Weston at the time plaintiff turned over his assets to said bank.'" The plaintiff excepted to the refusal to recommit the other questions. The judge overruled all exceptions of law, disapproved all those of fact, and entered a decree making the report of the auditor the judgment of the court. The plaintiff excepted to that ruling.

*M. A. Walker, W. P. Wallis,* and *Hollis Fort,* for plaintiff.

*M. C. Edwards, G. Y. Harrell,* and *Cleveland Rees,* for defendant.